[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks a dissolution of marriage, custody of a minor child, support and alimony, a distribution of assets and ancillary equitable relief.
The parties intermarried on March 26, 1972 and the plaintiff has resided continuously within Connecticut for at least twelve months next preceding the filing of her complaint.
One child was born issue of the marriage, to wit, Brian Edward Thurz, born July 31, 1977. Neither the state of Connecticut nor any town therein has contributed to the support of a party or said child.
The Court finds from the evidence that the marriage between the parties has broken down irretrievably and orders its dissolution on said grounds.
In determining the financial orders ancillary to the dissolution the Court is cognizant of and gives consideration to General Statutes §§ 46b-81 and 46b-82. The following orders are entered, and relevant findings made:
Custody:
The parties shall have joint legal custody of the minor child Brian (who will reach his eighteenth birthday on July 31, 1995). The plaintiff wife shall have physical custody and the defendant husband shall have reasonable visitation. CT Page 3622
Child Support:
The husband shall pay $120.00 per week as child support until the child reaches the age of eighteen or, if § 46b-84(b) is applicable, until he completes the twelfth grade or attains the age of nineteen, whichever first occurs.
Medical Insurance:
The husband shall maintain the minor child on his medical insurance as available through his employment for as long as his support obligation continues. The parties shall share equally the cost of unreimbursed medical expenses for said minor child. The provisions of § 46b-84c apply to this order.
Real Estate:
The husband shall quit claim his interest in the jointly owned property located at 7 Plainfield St., Enfield, Connecticut, to the wife. If the husband fails to quit claim his interest within thirty days of this judgment, then said property shall be transferred to the wife pursuant to § 46b-81(a) of the general statutes. The gross fair market value of the house is approximately $105,000. There is a first mortgage of approximately $10,275 and a second mortgage of approximately $76,720. There is accordingly approximately $18,000 in gross equity. (If the house were sold the costs of sale would reduce that amount).
This is a twenty-three year marriage. In 1989 the wife became afflicted with multiple sclerosis, a progressively debilitating disease. At the present time she needs a wheel chair to get around, has blurred vision and is losing the coordination of at least one hand. She is unable to do much housework (a home health aid attends to that.) She has a physical therapist and an occupational therapist working with her at the marital home where she resides. She was recently approved for Social Security Disability (SSI) and gets $20.00 per week. She would probably be entitled to more but because she's getting $120.00 in alimony pendente lite, her SSI payment is reduced accordingly.
It appears that the onset of the wife's M.S. was the precipitating factor for the breakdown. The husband responded inappropriately to her depression and arguments ensued, even to the point where the police were called. He appears to have been, and to continue to be, unsympathetic and uncaring about the profound CT Page 3623 effect the disease has on his wife. While her illness is not without its effect on the husband, he is, of course, able to continue on with life's activities, whereas she cannot enjoy doing the things she could do before.
Alimony:
The husband shall pay alimony in the amount of $1.00 per year.
Division of Property and Allocation of Debt:
By way of property division the husband shall pay the wife the sum of $44,000, payable monthly over a period of eleven years. This order is non-modifiable as to term and amount and shall not be includable as income to the wife, and not deductible as an expense to the husband.
Mortgages:
The wife shall assume responsibility for the mortgage on the real estate and hold the husband harmless therefrom.
Life Insurance:
The husband shall name the wife as irrevocable beneficiary his life insurance policy in face amount of $50,000.
Taxes:
The parties shall file a joint tax return for calendar year 1994. Any refund shall be assigned or paid to the wife. Said refund anticipated to be $440, shall be applied to the husband's pendente lite arrearage for alimony and support. The arrearage is $908.00.
Arrearage:
The husband shall pay the pendente lite arrearage of $908.00 as follows:
 $440.00 from the tax return. The balance to be paid at the rate of $25.00 per week. If the tax return is other than $440.00, the husband shall pay $25.00 per week until said arrearage is paid. CT Page 3624
Trust Fund:
The wife has asked that the minor's college trust fund of $15,000 be held in place and not encumbered. This is not a fund in control of the husband. It was established by the husband's father and is in the grandfather's control. The Court has no authority over this fund.
Pension and 401 Savings Plan:
These assets shall remain with the husband. The pension will pay a modest $290.00 per month to the husband when he reaches age 65, and the 401 K Plan has been borrowed from to the maximum allowed. It has only a nominal present value, if any.
Personal Property:
The husband shall have possession and ownership of three bookcases, any of his clothing, any MET Life material or other insurance materials related to his employment, weights and accompaniments, telemarketing computers and related materials, camera and equipment, his gun collection, and fishing equipment.
Other household and personal property in the wife's possession shall be hers.
The husband shall give the wife reasonable notice (not less than 48 hours) as to the time he will pick up said property and shall arrange to be accompanied by a police officer.
Automobile:
The husband shall retain the Chrysler LeBaron automobile and hold the wife harmless from any expenses related thereto.
Other:
The husband shall pay the wife $450 within 90 days. This figure represents one-half the value of the gun collection and should have been paid per pendente lite orders of November 1, 1993.
Any uninsured medical bills incurred on behalf of said minor child prior to the date of this judgment are to be shared equally between the parties. The husband shall pay his half of any such bill within 30 days of receipt of appropriate documentation from CT Page 3625 the plaintiff.
Each party shall be responsible for his or her own counsel fees.
The order for support and alimony is to be enforced by continuing wage execution.
Klaczak, J.